UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CR-00097-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| FERMIN GARZA *et al.*, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Defendant Eduardo Ivan Martinez's *pro se* Motion for Return of Property, (Doc. No. 69), filed on June 21, 2019. In his Motion, Defendant challenges the administrative forfeiture of a Lexus vehicle seized during his arrest and thereafter administratively forfeited. Defendant seeks the return of the vehicle to his brother, Maximo Omar Martinez. For the reasons set forth below, the Court DENIES the Motion.

## I. BACKGROUND

On May 25, 2017, Defendant pled guilty via Plea Agreement, (Doc. No. 42), to conspiracy to distribute methamphetamine. On October 30, 2017, this Court sentenced Defendant to 120 months imprisonment, (see Doc. No. 66), and ordered him to forfeit a firearm involved in his offenses (see Doc. Nos. 45, 66). Defendant's Plea Agreement contained various provisions on waivers and consent, including but not limited to detailed and extensive paragraphs whereby Defendant consented to forfeiture, in an administrative or judicial proceeding, of all items seized in the investigation and waived any and all rights to items and to notice of forfeiture of items. (See Doc. No. 42, pp. 3-4).

On June 21, 2019, Defendant filed the instant Motion, wherein he suggests there is an

order and settlement for the Government to turn over a 2006 Lexus vehicle to Defendant's brother, who Defendant claims is the "proper owner" of the vehicle. (See Doc. No. 69). Defendant, however, failed to affix an order for return of property or a settlement document to his Motion. In response, the Government asserts it has not identified an order for return of property or settlement document but has identified United States Customs and Border Protection ("**CBP**")[1] documents which reflect the administrative forfeiture of a 2006 Lexus GS300 vehicle that law enforcement seized during the arrest of Defendant and another individual during a methamphetamine deal identified during the investigation of this matter (the "**Lexus**"). (See Doc. No. 71)

As to the Lexus, the documents submitted by the Government reveal that Defendant's brother, Maximo Martinez, received a seizure notice by certified mail on October 27, 2016, submitted a Motion to the CBP Fines, Penalties and Forfeiture Office on December 9, 2016, was mailed a denial letter on March 2, 2017, and no response to the denial letter was received by CBP. See (Doc. No. 71-1). Accordingly, the Declaration of Forfeiture for the Lexus (the "**Declaration**") issued on July 21, 2017.

## II.    ANALYSIS

"The Civil Asset Forfeiture Reform Act of 2000 ("**CAFRA**") is the exclusive remedy for challenges to an administrative forfeiture." Folks v. U.S. D.E.A., No. 1:05CV389, 2006 WL 3096687, at *2 (M.D.N.C. Oct. 25, 2006) (citing 18 U.S.C. § 983(e)(5)). Thus, regardless of the fact that Defendant argues for the return of the Lexus based on the allegedly wrongful deprivation of property without due process, any remedy available in this case lies solely under Section 983(e). See City of Concord, N.C. v. Robinson, 914 F. Supp. 2d 696, 704–05 (M.D.N.C.

---

[1] CBP processes administrative forfeitures on behalf of Homeland Security Investigations, the lead federal investigative agency in this case.

2012) ("[W]ith the exception of notice issues, federal courts have no jurisdiction to hear claims that a completed administrative forfeiture violated the property owner's constitutional rights."); Mikhaylov v. United States, 29 F. Supp. 3d 260, 271 and n.26 (E.D.N.Y. 2014) (rejecting Bivens claim and noting Section 983(e) is the sole remedy to challenge a declaration of forfeiture after an administrative proceeding); Marshall v. United States, 2010 WL 5678675, *1 (M.D.N.C. Oct. 26, 2010) (explaining Rule 41(g) motions may not be used when property has already been forfeited and claimant's exclusive remedy is § 983(e)).

Specifically, Section 983(e)(1) provides:

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—

    (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

    (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

"A court's review of an administrative or nonjudicial forfeiture determination is 'limited to determining whether the agency followed the proper procedural safeguards in the forfeiture.'" U.S. v. 2005 Mercedes Vehicle, No. CRIM.A. 5:09-MJ-23, 2011 WL 3471083, at *2 (N.D. W. Va. Aug. 8, 2011) (quoting Scarabin v. Drug Enforcement Admin., 919 F.2d 337, 338 (5th Cir. 1990)).

Here, given Defendant's *pro se* status, the Court liberally construes his Motion as a motion under Section 983(e). Even so, it must be denied. Under the plain language of Section 983(e), the movant must have a recognizable interest in the property. See 18 U.S.C. § 983(e)(5) ("Any person entitled to written notice . . . may file a motion to set aside a declaration of forfeiture *with respect to that person's interest in the property*."); see also Munoz-Valencia v. United States,

169 F. App'x 150, 152 (3d Cir. 2006) (a party seeking to challenge an administrative forfeiture must have an interest in the property sufficient to confer Article III standing). Pursuant to his Plea Agreement, however, Defendant waived (a) any rights he may have had with respect to the Lexus, which was seized in the investigation, and (b) any rights as to notice of its forfeiture. (See Doc. No. 42, pp. 3-4). As the Seventh Circuit has explained in an analogous circumstance:

> Stokes lacked Article III standing to contest the forfeiture. That is because he abandoned any interests in the property with the language in the plea agreeing "that any interest he holds in each of the listed properties is hereby forfeited." That abandonment stripped him of standing to contest the forfeiture (even though the government had not yet secured its own title to that property).

United States v. Stokes, 191 F. App'x 441, 444 (7th Cir. 2006) (listing authorities).

The Court finds the reasoning in Stokes persuasive in the instant case. Thus, Defendant's Motion for return of the Lexus is precluded by Defendant's Plea Agreement. Further, the same statutory language in Section 983(e)(5)—requiring that any motion be "with respect to *that person's* interest in the property"—likewise prevents Defendant from moving to set aside the Declaration with respect to his brother's alleged interest in the Lexus.[2] Accordingly, no basis exists for return of the Lexus under 18 U.S.C. § 983(e).

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Return of Property, (Doc. No. 69), is DENIED.

IT IS SO ORDERED.

---

[2] The Court further notes that because Maximo Martinez had written an actual notice of the seizure and administrative forfeiture, but failed to file a claim, his alleged property interest in the Lexus provides no basis for contesting the administrative forfeiture under Section 983(e). See 19 U.S.C. § 1609; Plumhof v. U.S. Customs & Border Patrol, No. 12CV2521 AJB NLS, 2013 WL 2295666, at *6–7 (S.D. Cal. May 24, 2013).

Signed: June 28, 2022

Frank D. Whitney
United States District Judge